UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GLENN and EVELYN DAUGHERTY v. TVA | ) ) | No.: | 3:10-CV-189 |
| GARY and PAMELA TOPMILLER v. TVA | ) ) | No.: | 3:10-CV-190 |
| WILLIAM and KRISTINE DAVIS v. TVA | ) ) ) ) | No.: | 3:10-CV-191 (VARLAN/GUYTON) |

**(MODIFIED) ORDER ON DISCOVERY AND SCHEDULING**

These related but not consolidated actions are before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Thomas A. Varlan, United States District Judge, for disposition of matters pertaining to discovery.

**I.     BACKGROUND**

The Tennessee Valley Authority ("TVA"), a federal corporation, provides power to persons throughout Tennessee and a number of other states in the southeastern United States. As part of its power production, TVA operates a number of power plants including the Kingston Fossil Plant located in Roane County, Tennessee. On December 22, 2008, a dike at the Kingston Fossil Plant failed. This dike retained a pond which was used to dispose of coal ash produced by the plant; thus, when the dike failed, ash waste escaped from the pond. Millions of cubic meters of ash waste were released into the area surrounding the plant including bodies of water, such as the Emory River and its tributaries.

In the first three months of 2009, seven cases were filed making various claims against TVA related to the ash spill. [See Case Nos. 3:09-CV-06, 3:09-CV-09, 3:09-CV-14, 3:09-CV-48, 3:09-CV-54, 3:09-CV-64, and 3:09-CV-114]. On April 17, 2009, the Honorable Thomas A. Varlan, United States District Judge, entered Initial Case Management Order No. 1 in these initial cases. Pursuant to the Initial Case Management Order, discovery on the issue of discretionary function immunity has been completed and dispositive motions related to the discretionary function issue have been fully-briefed in these initial cases. These initial cases are now engaged in discovery on the merits of the claims presented and upon the issue of class certification.

Since August 2009, additional cases have been filed relating to the Kingston ash spill; three of these cases are captioned above.[1]

## II. DISCOVERY

The Court initially notes that all of the cases are related. However, consolidation of the cases has not been ordered, and no joint orders or other streamlining of similar issues should be interpreted as a consolidation of these cases. Nonetheless, the Court finds that the cases captioned above are similarly situated in their timing and progression of discovery. Thus, based upon the finding of the Court and the agreement of the parties, the Court finds that the discovery schedule and other matters addressed in this order shall apply to all of the above-captioned cases.

### A. General Parameters and Direction

The parties have not moved the Court to conduct discovery in these matters in phases. Instead, the parties have represented their desire to proceed to "full discovery," which the Court

---

[1] For further explanation of the application of this Order to these three cases, see the Order entered contemporaneously herewith.

interprets to be discovery on the merits of the Plaintiffs' particular claims, as well as TVA's defense. As previously noted, the discretionary function discovery has been completed in the initial cases and is available to the parties in the instant cases. Further, the Plaintiffs represented to the Court that none of the instant cases seek class-action status, so no discovery on the issue of class certification is applicable. The Court finds the request for full discovery on the merits of the Plaintiffs' claims is well-taken, and discovery on the merits shall begin following the Rule 26(f) conference in this matter.

While many of the Plaintiffs' claims relate to differing properties, the Court again reminds the parties to work together to avoid duplicative discovery and wasteful discovery practices, so that these cases may come to a "just, speedy, and inexpensive determination," as required by Rule 1 of the Federal Rules of Civil Procedure.

**B.     Preservation of Evidence**

In regards to preservation of evidence, TVA has moved the Court to adopt the provisions of the Order Establishing Preservation Plan for Documents and Electronically Stored Information [Doc. 51 in Case No. 3:09-CV-06]. The Plaintiffs have voiced no opposition to this request, and the Court finds it to be well-taken. Accordingly, the Order Establishing Preservation Plan for Documents and Electronically Stored Information [Doc. 51 in Case No. 3:09-CV-06] is **ADOPTED** herein verbatim.

**C.     Discovery Disputes**

As ordered in the initial cases, discovery disputes in the instant cases shall be resolved in the following manner. The Parties shall first meet and confer within five (5) days of notification in writing of a dispute in an attempt to resolve disputes between themselves, without judicial intervention. If the Parties are unable to resolve the disputes, they shall contact the undersigned's

chambers within three (3) days of failure to resolve the dispute to schedule a telephone conference with the undersigned. If the Parties are unable to resolve their disputes after conference with the undersigned, they may file appropriate written motions with the Court. Such motions must be filed within seven (7) days of the teleconference and include certification of compliance with the above procedure.

**D.     Service**

In regards to service in these cases, Rule 4 of the Federal Rules of Civil Procedure requires that a plaintiff, seeking to sue a United States agency or corporation, "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Service upon the United States is made by delivering or sending, via registered or certified mail, a copy of the summons and complaint to the United States Attorney for the district where the action is brought and sending a copy of each to the Attorney General for the United States. Fed. R. Civ. P. 4(i)(1).

TVA states that in a number of the above-captioned cases service has not been completed in accordance with Rule 4. However, TVA has agreed to waive service under Rule 4 in all of the above-captioned cases. Accordingly, the Court finds service under Rule 4 has been **WAIVED** by TVA in the above-captioned cases.

**E.     TVA's Responsive Pleading**

The Plaintiffs have agreed to allow TVA until August 10, 2010, to make its responsive pleading, if it has not already done so, in the above cases. The Court finds this agreement to be appropriate and well-taken. Accordingly, TVA shall have until **August 10, 2010**, to file its responsive pleading in the above-captioned cases.

### F. Rule 26 and Discovery Timeline

The Court finds that, pursuant to Rule 26(f), the parties shall conduct a conference of the parties on or before **June 25, 2010**. While not specifically required by Rule 26, the Court finds that the interests of justice and the parties' mutual interest in a speedy disposition of these matters will be best served by this conference being conducted **in person**. Absent good cause, the parties' representatives are expected to physically meet with one another at a time and location to be determined by the parties. Further, the parties shall make their initial disclosures, pursuant to Rule 26(a)(1), on or before **June 25, 2010.**

The parties **SHALL APPEAR** before the Court for a discovery status conference at **1:00 p.m., on July 13, 2010.** In preparation for this status conference, TVA and the Plaintiffs, respectively, may file a short summary of any outstanding discovery disputes in this matter on or before **July 9, 2010.** This summary shall be no longer than five pages in length.

### G. Protective Order

At the hearing, TVA also moved the Court to adopt the Protective Order entered in the initial ash spill cases in the instant matters. [See Doc. 54 in Case No. 3:09-CV-06]. Each attorney was given an opportunity to comment on this request. The Court finds that TVA's request is well-taken, to the extent that the Protective Order, in substance, will be entered in each of these cases forthwith. However, the Plaintiffs shall have up to and including **July 9, 2010**, to file motions for modification of the Protective Order in their respective cases.

## III. CONCLUSION

The above shall govern discovery and scheduling in these proceedings going forward. Any request for variance therefrom shall be made in the form of a motion, and such motions shall be granted only where good cause has been shown.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge